GEORGE KIZER and DANIEL KIZER, plaintiffs in error, vs. MICHAEL KENNEDY, defendant in error.

*Error to Bureau.*

Held, that a plea which avers, in answer to an action of trespass, that the landlord entered on the premises on the last day of the term, and distrained the property, for rent due three months previously, is good.

This was an action of trespass *de bonis asportatis,* brought by the plaintiffs against the defendant in error, in the Bureau Circuit Court. The declaration alleged that the defendant, on the 15th day of March, 1847, took and carried away goods and chattels, &c., the property of the plaintiffs, of the value of one thousand dollars, &c.

The defendant pleaded not guilty, and a special plea, which is substantially set out in the opinion of the Court. To the spe- cial plea, the plaintiffs filed a demurrer. The Court, T. L. Dickey, Judge, overruled the demurrer, and the plaintiffs elect- ing to stand by their demurrer, bring the cause to this Court, and assign the overruling of the demurrer to the special plea as error.

O. PETERS and E. N. POWELL, for plaintiffs in error.

GLOVER & COOK, for defendant in error.

Weld *vs.* Hubbard.

Opinion by TREAT, C. J.:

The overruling of a demurrer to the second plea is assigned for error. The plea pursues the form laid down in 3d Chitty's Pleadings, 1094, and is not, we think, obnoxious to the objections taken to it. It is insisted that the plea fails to show that the distress was made during the continuance of the tenancy. It sets forth a demise of the premises, and an occupancy thereunder, from the 25th of November, 1845, to the first of March, 1847, reserving a rent of $400, payable on the first of December, 1846, and $200, in improvements, to be made on the premises; and then avers, that " on the day and year last aforesaid"—referring to the first of December, 1846—" a large sum of money, to wit, the sum of three hundred and twenty-seven dollars and seventy cents of the rent aforesaid, for one year of said term, ending on the first day of March, 1847, and then last elapsed, became due and was due and payable to the said defendant, and at the said time when, &c., was in arrear and unpaid; wherefore the said defendant, in his own right, did, on the said first day, when, &c., enter upon said premises, and seize, take and distrain," &c. The "said first day" must be understood as referring to the first of March, 1847, immediately before stated. If so, the distress was made on the last day of the tenancy, and for the rent due, by the terms of the demise, three months previously. The plea clearly shows that the property was distrained subsequent to the day the rent became due, and before the determination of the tenancy.

Affirm the judgment, with costs.

*Judgment affirmed.*